AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
for the
Southern District of West Virginia

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

117 Keystone Drive, Charleston, Kanawha County, West Virginia

Case No. 2:20-mj-00138

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the __Southen__ District of __West Virginia__, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 922(g)(1) and | Prohibited Person in Possession of a Firearm |
| 21 U.S.C. 841(a)(1) | Distribution of Methamphetamine |

The application is based on these facts:

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days *(give exact ending date if more than 30 days: _____ )* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

David Bullard, Special Agent ATF
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by _____ *(specify reliable electronic means)*.

Date: 09/21/2020

City and state: Beckley West Virginia

Omar J. Aboulhosn
United States Magistrate Judge
*Printed name and title*

# A F F I D A V I T

**STATE OF WEST VIRGINIA**

**COUNTY OF Kanawha, to-wit:**

I, David Bullard, being first duly sworn, do hereby depose and state as follows:

## Affiant Training and Experience

1. I am currently employed as a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and have been so employed since December of 2013. I am assigned to ATF's Charleston, West Virginia, Field Office.

2. I have investigated cases involving firearms related offenses, arson, crimes of violence, crimes involving individuals conspiring to violate a multitude of criminal acts involving the use of firearms to perpetrate these criminal acts, the illegal sale, possession and use of firearms during the commission of these criminal acts, as well as the use, sale and possession of illegal controlled substances. I have dealt with possession of illegal firearms, and the trafficking of assorted controlled substances. I have purchased controlled substances and firearms utilizing cooperating individuals in controlled buy situations. I am familiar with the appearance, packaging, paraphernalia and distribution of Cocaine (HCL),

1

Crack, Heroin, Marijuana, LSD, Pharmaceuticals, Methamphetamines and other commonly used street drugs. I am also familiar with several tactics utilized by firearms traffickers, and illegal possessors of firearms to distribute, acquire, maintain and possess illegal firearms.

3. I graduated from a ten (10) week criminal investigator-training course at the Federal Law Enforcement Training Center, where the course of study dealt with basic criminal investigation techniques. In addition, I graduated from the twelve week (12) Bureau of Alcohol, Tobacco and Firearms (ATF) National Academy, where a portion of the course of study dealt with violations of federal firearms laws, federal explosives laws, bomb scene investigation and arson investigation. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

### Probable Cause

4. On the September 14, 2020, Task Force Officer Weaver ("TFO Weaver") and Task Force Officer Thomas ("TFO Thomas")

2

interviewed a source of information ("SOI") regarding the trafficking of illegal narcotics, such as heroin and meth. The SOI identified the target as Mark Alan BOLING living at 117 Keystone Drive in Charleston, WV 25311. He stated BOLING had in his possession several firearms.

5. The SOI advised he has known BOLING for an extended period of time and is familiar with him. The SOI stated that he has purchased illegal narcotics from BOLING. The SOI described the address/ structure to be a yellowish in color, two story, 4 unit apartment building. SOI advised that the driveway to the apartment complex is a horseshoe and there are storage units behind it. The sources description of the BOLING'S address has since been confirmed by surveillance and a controlled purchase of methamphetamine.

6. The SOI stated that he has seen several ounces of meth and several ounces of heroin inside BOLING'S residence, specifically in BOLING's bedroom (top left apartment). The SOI stated that he has witnessed several firearms inside the residence and has personally witnessed a BOLING trading a firearm for narcotics. The SOI believed BOLING to be a convicted felon because BOLING had stated he had done time

in the 80-90's for weapon offences. SOI also advised that he has witnessed individuals brings firearms to BOLING and sell them to him. SOI stated that BOLING has asked if the firearms were stolen and the individuals advised they were, and he still purchased them from the individuals.

7. The SOI stated that he knows firearms well and believes there are approximately 20 firearms inside the apartment complex housed in a safe in the building. SOI has stated that the other units are unoccupied but used to house guns and illegal narcotics by BOLING.

8. The SOI stated that BOLING was driving a gray Nissan (small sedan) which was a rental car. The SOI stated the car was driven by BOLING and other females to Cleveland, Ohio. While in Cleveland, Ohio BOLING picked up illegal narcotics, believed to Heroin. The SOI stated that methamphetamine was supposedly acquired as well.

9. A review of records for BOLING revealed Felony convictions in CA in 1985-Prohibited Person in Possession of Firearm, Stolen Property, 1st Degree Burglary, 1988- Possession/manufacturing/sell of dangerous weapons, 1989- Possession narcotics controlled substance, 1991- Taking

4

vehicle without consent, 1992- Theft. In addition to the Felony convictions in CA, BOLING has one felony conviction in WV, 2019- Delivery of Controlled Substance. BOLING also has federal felony convictions in 1996- felon in possession of a firearm, 1997- Felon in possession of a firearm, and in 2007 violated his supervised release.

10. R.A.C Black pulled tax information from the Kanawha County Assessor's Office for BOLING and found that BOLING owns the 117 Keystone Drive and land around it, which includes a multi bay storage unit.

11. SA David Bullard requested a mail watch on 117 Keystone Drive, and he was informed that 117 Keystone Drive does not receive mail. SA David Bullard has not been able to find any information that individuals other than BOLING are living in any of the rooms at 117 Keystone Drive.

12. SA David Bullard listened to a recorded jail call from BOLING to an unknown female asking her to move his "tools" from his bedroom to the room across the hall. This is consistent with the information from the SOI that BOLING is in sole possession of the residence and all of the rooms therein.

13. On September 16, 2020, Special Agent (SA) Vincent Knoll, SA David Bullard, and SA Sean McNees, met with CI 29024 at a prearranged location. The CI advised that BOLING had agreed to sell him/her an amount of heroin, and had instructed the CI to come to 117 Keystone Drive, Charleston WV, 25311. The CI was then searched by CPD Officer Burton as well as SA Knoll with negative results for contraband. The CI was then provided with $500.00 in ATF agent cashier funds and a recording device/transmitter was placed on the CIs person. The CI was then driven to an area in close proximity to 117 Keystone Drive, Charleston WV and was let out on foot. Other officers from the CPD and additional ATF Agents were already in the area and observed the CI walking in the area of the target location.

14. After arriving at 117 Keystone Drive, Charleston WV, 25311, the CI entered through the front door and then made contact with BOLING. After meeting with BOLING, the CI then returned to the prearranged location.

15. Once back at the prearranged location, the CI then entered the vehicle and SA McNees then deactivated the recording device. The CI then handed SA McNees a plastic baggy that contained an amount of a clear crystal like

substance consistent with methamphetamine. The CI was then searched by SA McNees and was found to be free of any contraband. The CI then stated that he/she had just met with BOLING and had purchased an amount of methamphetamine for $500.00. The CI advised that BOLING had run out of Heroin, so the CI purchased Meth instead. The CI advised that BOLING was wearing a yellowish/green in color shirt and jeans. The CI advised that placed on the bed beside BOLING was a Glock, model 30, 45 caliber pistol. The CI advised he/she would be able to purchase a firearm from BOLING. The CI also stated that Chris Smith had been present inside the residence of 117 Keystone Drive, Charleston, WV, 25311, but was not involved in the above mentioned controlled purchase.

16. On September 16, 2020, SA Knoll weighed the above mentioned suspected methamphetamine. The packaged weight of the suspected methamphetamine was approximately 10.10 grams. A field test of the suspected methamphetamine was also conducted. The field test showed a positive result for methamphetamine.

17. On September 16, 2020, SA McNees along with SA Knoll reviewed the recordings of the above mentioned controlled

purchase. BOLING is visible on the recording inside of 117 Keystone Drive, Charleston, WV 25311. BOLING is observed talking about selling an AR style rifle and handguns just a few days prior to the above mentioned controlled purchase as well as being "behind two ounces".

18. On 19 September 20, Fayette County Sheriff's Office and Fayetteville PD conducted a traffic stop on a Silver Nissan Kick bearing (VA# UKZ7024). The driver was identified as BOLING. During a search of the vehicle 109.5 grams of methamphetamine (individually packed in .10 gram packages) and 34 grams of Heroin (individually packaged in .10 grams) were located. In addition to the illegal narcotics seized, there was $7024.00 cash located in the vehicle believed to from narcotics sales.

19. This affidavit is intended to show that there is probable cause for the requested search warrant and does not purport to set forth all of my knowledge of, or investigation, into this matter.

20. Based upon your affiant's past experience and training as an ATF Special Agent, your affiant knows that persons involved in the distribution of heroin who possess,

8

trade, or brandish firearms, commonly maintain firearms, ammunition, sales receipts and other documents related to the ownership of said firearms and ammunition in their residences or places that they frequent. Additionally, your affiant knows that persons involved in the distribution of methamphetamine who possess firearms (and indeed anyone who possesses firearms) commonly store firearms and ammunition for those firearms in their residences, businesses or other places that they frequent. Furthermore, persons involved in the distribution of illegal narcotics often store the illegal narcotics within locations that they frequent, or own, in order to protect and conceal the illegal narcotics. Likewise, Persons with a history of distributing illegal narcotics on multiple occasions often continue to distribute illegal narcotics for extended periods of time.

Further, your affiant sayeth naught.

                                          _____
                                          David J. Bullard
                                          Special Agent
                                          Bureau of Alcohol, Tobacco and Firearms

Subscribed and sworn to before me this the 21st day of September, 2020.

_____
Omar J. Aboulhosn
United States Magistrate Judge

## ATTACHMENT A

117 Keystone Dr. Charleston, Kanawha County, West Virginia, is two story, light brown in color, cinderblock structure on the south side of the street. The main entrance is on the east side of the building at the top of a long staircase. The property also includes 10 storage units in a separate gray colored structure on the south side of the property.



**ATTACHMENT B**

1. All records on the Premises described in Attachment A that relate to violations of Title 18, United States Code, Section 922(g)(2), and involve MARK BOLING and/or any of his known aliases: MARK BOLLING, including: Indicia of occupancy, residency, and/or ownership of the items noted below and of the Premises, including but not limited to papers, correspondence, bills, photographs, images, videos, and registration documents.

2. All Illegal controlled substances, including, but not necessarily limited to methamphetamine, heroin, and fentanyl.

3. Equipment, including, but not limited to, glassware and tubing, chemicals, including but not limited to, precursors, packaging of precursor ingredients, products and materials commonly used to process, mix/cut and distribute methamphetamine, heroin, and fentanyl.

4. Scales, packaging materials, and materials used to sell or distribute controlled substances.

5. Books, records, receipts, notes, ledgers, and other papers relating to the transportation, ordering, purchasing and distribution of methamphetamine, heroin, and fentanyl.

6. Any and all United States currency, bank statements and related records, passbooks, money drafts, checks, money orders, safe deposit box keys, and any other items evidencing the obtaining, secreting, transfer, and/or concealment of assets and the obtaining, secreting, transfer, concealment, and/or expenditure of money.

7. Photographs, including still photos, negatives, video tapes, films, undeveloped film and the contents therein, slides, in particular photographs of co-conspirators, assets, and/or controlled substances, to wit: methamphetamine.

8. Address and/or telephone books, rolodex indices, electronic storage devices, cellular telephones, and any papers reflecting names, addresses, telephone numbers, pager numbers, fax numbers, and/or telex numbers of co-conspirators, sources of supply, customers, financial

        institutions, and other individuals or businesses with whom a financial relation exists.

9. Indicia of occupancy, residency, rental, and/or ownership of the premises described herein, including, but not limited to, utility and telephone bills, cancelled envelopes, rental, purchase, or lease agreements and keys.

10. Firearms and associated materials including, but not necessarily limited to, rifles, shotguns, semi-automatic rifles, pistols, revolvers, the frame or receiver of any such weapon, ammunition, clips/magazines, silencers, flash suppressors, tools, manuals, storage cases, receipts and other proofs of ownership, tripods, scopes, sights, and all other like property.

11. Records and/or documents related to the rental of the Nissan sedan driven by BOLING from September 2020 to present.